# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHELLE FERGUSON,

    Plaintiff,

      v.

LOCAL 689, AMALGAMATED
TRANSIT UNION, et al.,

    Defendants

Civil Action No. 08-1030 (JDB)

## ORDER

The Court will not repeat in full the facts animating this action.  See Ferguson v. Local 689, Amalgamated Transit Union, 626 F. Supp. 2d 55, 57-58 (D.D.C. 2009).  Remaining in the case are two claims asserted against Local 689, Amalgamated Transit Union, and three of its employees in their official capacities (together "Local 689"): a "hybrid § 301/breach of the duty of fair representation claim" and a claim for intentional infliction of emotional distress.  See Ferguson, 626 F. Supp. 2d at 63.[1]  The parties have cross-moved for summary judgment only on the former claim.

The parties agree that for Ferguson to prevail on her hybrid claim, she must demonstrate two things: that her discharge by WMATA violated WMATA's collective bargaining agreement with Local 689, and that Local 689 breached its duty of fair representation to Ferguson.  See Defs.' Mem. in Supp. of Mot. for Summ. J. ("Defs.' Mem.") [Docket Entry 37], at 9-10; Pl.'s Opp'n to Defs.' Mot. [Docket Entry 46], at 3; see also DelCostello v. Int'l Bhd. of Teamsters, 462

---

[1] The Court previously dismissed Ferguson's claims against the Washington Metropolitan Area Transit Authority ("WMATA"), and a claim for punitive damages against all defendants. See Ferguson, 626 F. Supp. 2d at 57 n.1, 63.

U.S. 151, 165 (1983) ("'To prevail against either the company or the Union [on a hybrid claim] . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.'" (second alteration in DelCostello) (quoting United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 62 (1981))). Local 689 contends, however, that Ferguson cannot do so here. Because WMATA was dismissed from this lawsuit, the argument goes, "it would be impossible for the Plaintiff to prevail against WMATA [on the contract claim], and, consequently, equally impossible for her to prevail against the Union alone." Defs.' Mem. at 10.

This is incorrect. When asserting a hybrid claim, a plaintiff may choose to sue the employer, the union, or both. But whatever his choice, "the case he must prove is the same." DelCostello, 462 U.S. at 165. That is, even where the plaintiff brings a hybrid claim against a single defendant, he still must prove both that his employer breached its collective bargaining agreement, and that the union breached its duty of fair representation. Hence, it is of no moment that WMATA is no longer a defendant in this suit -- Ferguson still may litigate her hybrid claim against Local 689.[2]

Because Local 689 concluded that WMATA's dismissal precluded Ferguson's hybrid claim, Local 689 has not substantively addressed either element of that claim. Local 689 generally denies that it breached its duty of fair representation, but this perfunctory conclusion is without evidentiary support. See Defs.' Reply in Supp. of Mot. [Docket Entry 55], at 2-3. And it

---

[2] Dove v. Wash. Metro. Area Transit Auth., 402 F. Supp. 2d 91 (D.D.C. 2005), does not aid Local 689. Contrary to Local 689's presentation of the case, Dove reserved the question whether, in the context of a hybrid claim, a "plaintiff's dismissal with prejudice of all of his claims against [a] union precludes him from asserting his . . . claim against WMATA." Dove, 402 F. Supp. 2d at 97 n.4.

simply offers no analysis whether WMATA breached the collective bargaining agreement. Although Local 689 could prevail on Ferguson's hybrid claim by demonstrating either that it did not breach its duty of fair representation, its conclusory arguments do not carry its burden on this issue. Hence, on the current record, the Court cannot grant summary judgment for Local 689.

Nor, given Local 689's failure to address Ferguson's substantive arguments, will the Court grant Ferguson's motion for summary judgment. The interests of both justice and judicial economy are served by permitting the parties a further opportunity to brief the merits of Ferguson's hybrid claim. The parties also may address Ferguson's intentional infliction of emotional distress claim in that briefing. Although the Court will deny the pending summary judgment motions, it nevertheless will consider the arguments raised therein when resolving any "renewed" motions for summary judgment. Accordingly, it is hereby

**ORDERED** that [36][37] the parties' cross-motions for summary judgment are **DENIED without prejudice**; and it is further

**ORDERED** as follows:

1.      Local 689 may file a "renewed" motion for summary judgment addressing the merits of Ferguson's hybrid claim and the intentional infliction of emotional distress claim by not later than June 23, 2010.

2.      Ferguson may file a cross-motion for summary judgment on her hybrid claim and her intentional infliction of emotional distress claim, and an opposition to Local 689's motion by not later than July 14, 2010.

3.      Local 689 may file an opposition to Ferguson's cross-motion, and a reply in support of its motion for summary judgment, if any, by not later than July 28,

2010.

4.      Ferguson may file a reply in support of her cross-motion for summary judgment

by not  later than August 11, 2010.

**SO ORDERED**.

/s/ John D. Bates
John D. Bates
United States District Judge

Date: June 3, 2010